# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3372 | **DATE** | 12/13/2000 |
| **CASE TITLE** | USA vs. LOUIS BOMBACINO 98 CR 112-1   95 CR 443-7   90 CR 1017-1 | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, defendant's motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence is denied. This case is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | DEC 1 4 2000 date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 12/13/2000 | |
| JS | courtroom deputy's initials | | FILED 00 DEC 14 AM 7:36 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
)
)
)
v. )    No. 00 C 3372    **DOCKETED**
)    (98 CR 112-1)    DEC 1 4 2000
Louis Bombacino, )    (95 CR 443-7)
)    (90 CR 1017-1)
Defendant. )
)

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Petitioner Louis J. Bombacino ("Bombacino") has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2255 dealing with three criminal convictions of the petitioner in three

separate cases. In the first case, number 90 CR 1017-1, Bombacino pled guilty to one count of wire

fraud in violation of 18 U.S.C. § 1343 and three counts of extortion in violation of 18 U.S.C. §§ 894

and 1951. In the second case, number 95 CR 443-7, Bombacino pled guilty to one count of

racketeering conspiracy in violation of 18 U.S.C. § 1962(d), two counts of extortion in violation of

18 U.S.C. §§ 894 and 2, and two counts of witness intimidation in violation of 18 U.S.C. §

1512(b)(3). Finally, in case number 98 CR 112-1, Bombacino pled guilty to one count of mail fraud

in violation of 18 U.S.C. § 1341. Ultimately, after a lengthy sentencing hearing, Bombacino was

sentenced to a total of 172 months in the custody of the United States Bureau of Prisons on all of the

charged offenses. Bombacino's petition for writ of habeas corpus contains five claims for relief. For the following reasons, Bombacino's petition for habeas relief is DENIED.

## BACKGROUND

This petition for writ of habeas corpus arises out of several guilty pleas entered by Bombacino for crimes committed during Bombacino's involvement with the "Calabrese Crew," a street gang in Chicago which engaged in a variety of illicit activities, including extortion, street tax collection, gambling and loan sharking. On February 11, 1993, Bombacino entered a guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343 and three counts of extortion in violation of 18 U.S.C. §§ 894, 1951 (Case No. 95 CR 1017-1). Bombacino was sentenced to 43 months in prison and a three year term of supervised release.

On April 8, 1997, Bombacino entered a plea of guilty to five counts of illegal activity stemming from a criminal loan-sharking enterprise. Bombacino pled guilty to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), two counts of extortion in violation of 18 U.S.C. §§ 894, 2, and two counts of corruptly influencing a witness in violation of 18 U.S.C. § 1512(b)(3)(Case No. 95 CR 443-7). On February 19, 1998, Bombacino pled guilty to the one count of mail fraud in violation of 18 U.S.C. § 1341(Case No. 98 CR 112-1).

On March 18, 1998, this court sentenced Bombacino on the racketeering charges and the mail fraud charge. This court sentenced Bombacino to 120 months incarceration on each count of racketeering, to run concurrently, a term of supervised release of three years, and a special assessment of $500. This court also sentenced Bombacino to 24 months incarceration for mail fraud, to run consecutively to the sentence imposed in the racketeering case, a period of supervised release

2

of three years, a special assessment of $100 and ordered restitution in the amount of $2,328. The mail fraud charge to which Bombacino pled guilty was committed while Bombacino was on supervised release from case 90 CR 1017-1. Therefore, this court revoked Bombacino's supervised release under case 90 CR 1017-1 and imposed a 5 month sentence to run consecutively to all of the sentences imposed.

Bombacino filed a direct appeal challenging the sentences in the racketeering case and in the mail fraud case. See United States v. Fiore, 178 F.3d 917 (7th Cir. 1999). In this appeal, Bombacino raised four arguments: (1) that this court erroneously imposed a two point increase for obstruction of justice under the United States Sentencing Guidelines ("Sentencing Guidelines" or "Guidelines"), Id. at 925; (2) that Bombacino should have received a two point decrease in his base level offense for acceptance of responsibility under the Guidelines, Id. at 925-26; (3) that Bombacino should have received a reduction in his offense level by two points based upon his status as a "minor participant" under the Guidelines, Id. at 926; and (4) that this court erred by not departing downward from his sentence because some co-defendants were far more culpable than Bombacino. Id. The United States Court of Appeals for the Seventh Circuit affirmed Bombacino's sentence. Id. at 927. Bombacino did not petition for writ of certiorari to the United States Supreme Court.

On June 1, 2000, Bombacino filed three separate petitions for writ of habeas corpus, including this petition, based on the sentences he received in the three separate cases. All five claims raised by Bombacino were included and fully briefed in each of the three petitions. As a result, petitions 00 CV 4277, and 00 CV 3393 were dismissed as duplicative on July 20, 2000, and on October 12, 2000, respectively leaving only this petition pending.

3

## STANDARDS OF REVIEW

Bombacino's motion pursuant to 28 U.S.C. § 2255, requests this court to vacate, set aside, or correct his sentence. Collateral relief under section 2255, for error in taking a prisoner's guilty plea or subsequent sentence, is available if there is "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Precin v. United States, 23 F.3d 1215, 1217 (7th Cir. 1994)(citations omitted). However, § 2255 relief is neither a recapitulation of, nor a substitute for, a direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds not relevant here by, Castellanos v. United States, 26 F.3d 717, 719-20 (7th Cir. 1994). As a result, there are three types of issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal. Belford, 975 F.2d at 313. Issues raised on a §2255 motion not raised on direct appeal can only be heard in a §2255 motion if the party seeking relief establishes cause and prejudice for the failure. Precin, 23 F.3d at 1217.

Additionally, Bombacino seeks an evidentiary hearing concerning his petition. The right to an evidentiary hearing does not follow automatically when a defendant files a motion pursuant to §2255. Patel v. United States, 19 F.3d 1231, 1234 (7th Cir. 1994). Rather a district court must grant a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . ." Id. at 1235. Thus this court will examine the record and the issues raised in Bombacino's motion to determine if an evidentiary hearing is necessary.

## ANALYSIS

The motion, the files and records of the case conclusively show that Bombacino is entitled to no relief. Among the five issues, Bombacino raises in support of his petition for habeas corpus relief, Bombacino raises two nonconstitutional issues: (1) that he was given a disproportionate sentence in relation to the sentences given to his co-defendants, and (2) that the court illegally sentenced him under the Guidelines when it double counted his base offense level points. Additionally, Bombacino raises the following three constitutional issues: (1) that his constitutional right to Due Process was violated when the government brought indictments against him in a piecemeal fashion, rather than bringing all of the charges when they were known, (2) that his constitutional right to Due Process[1] was violated when the government manipulated his sentence by bringing forth charges in a piecemeal fashion, and (3) that his constitutional right to be protected against double jeopardy was violated when the district court double counted his base offense level points under the Guidelines. Finally, Bombacino argues that his constitutional right to effective assistance of counsel was violated because of his counsel's failure to raise the foregoing issues on direct appeal. As explained further below, Bombacino has procedurally defaulted all five issues raised in this petition.

I.      Nonconstitutional Issues

As stated earlier, Bombacino raises two nonconstitutional issues: (1) that he was given a disproportionate sentence in relation to the sentences given to his co-defendants, and (2) that the court illegally sentenced him under the Guidelines when it double counted his base offense level points. The first nonconstitutional issue raised in this §2255 motion is an issue previously raised by

---

[1]Though Bombacino states that this claim was "in violation of his rights," this court presumes that he intended to state that this claim was in violation of his constitutional right to due process.

Bombacino on direct appeal to the Seventh Circuit. Issues already raised on direct appeal may not be raised on a § 2255 motion, absent changed circumstances. On direct appeal, Bombacino argued that this court erred by not departing downward from his sentence because some co-defendants were far more culpable than he was. Fiore, 178 F.3d at 926. Now here on collateral attack, Bombacino argues that he was given a disproportionate sentence based on culpability in relation to his co-defendants. This is the same argument presented and rejected on direct appeal, phrased in different language. Bombacino fails to offer evidence of changed circumstances between the time of his direct appeal and this collateral attack. Thus, Bombacino's first nonconstitutional argument is procedurally defaulted.

Looking at Bombacino's second nonconstitutional claim, this claim is procedurally defaulted as well. On direct appeal Bombacino raised four issues that dealt with alleged Guideline violations. Now on collateral attack, Bombacino's raises a fifth Guideline issue arguing that the court illegally sentenced him under the Guidelines when it double counted his base offense level points. This argument is procedurally defaulted because this nonconstitutional claim could have but was not, raised on direct appeal. The only way this issue can be heard in this §2255 motion is upon a showing of cause for the failure, and prejudice resulting from the failure. Bombacino argues ineffective assistance of counsel as the cause for failure to raise this claim on direct appeal. This argument is without merit, as discussed fully in section III below. As a result, Bombacino's second nonconstitutional claim is procedurally barred and cannot be considered now by this court.

II.     Constitutional Issues

Bombacino raises three constitutional claims: (1) that his constitutional right to Due Process was violated when the government brought indictments against him in a piecemeal fashion, (2) that

his constitutional right to Due Process was violated when the government manipulated his sentence, and (3) that his constitutional right to be protected against double jeopardy was violated when the district court double counted his base offense level points under the Guidelines. None of Bombacino's constitutional claims raised within this §2255 petition were raised on direct appeal. As a result, all of these claims are procedurally defaulted, and cannot be considered unless cause and prejudice is demonstrated. Bombacino argues ineffective assistance of counsel as cause. This argument is without merit as discussed fully below in Section III. Thus, none of Bombacino's constitutional claims can be considered by this court.

III.     Cause and Prejudice

In this case, Bombacino argues ineffective assistance of counsel as the cause of his failure to raise the following issues on direct appeal: (1) that the court illegally sentenced him under the Guidelines when it double counted his base offense level points, (2) that his constitutional right to Due Process was violated when the government brought indictments against him in a piecemeal fashion, (3) that his constitutional right to Due Process was violated when the government manipulated his sentence, and (4) that his constitutional right to be protected against double jeopardy was violated when the district court double counted his base offense level points under the Guidelines. Issues not raised on direct appeal are procedurally defaulted and will not be heard on a §2255 motion unless cause and prejudice is shown. Precin, 23 F.3d at 1217; Belford, 975 F.2d at 313. Ineffective assistance of counsel, however, may serve as cause for a procedural default. Precin, 23 F.3d at 1218. To satisfy the first prong of the cause and prejudice test, then Bombacino must show that his counsel's performance constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Belford, 975 F.2d at 314. In order to show

ineffective assistance of counsel under <u>Strickland</u>, Bombacino must show: (1) cause, "counsel's representation fell below an objective standard of reasonableness"; and (2) prejudice, "there is a reasonable probability that, but for counsel's professional error, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 688, 694, 104 S.Ct. at 2064, 2068.

Under the second prong of the cause and prejudice test, prejudice does not mean simply that a procedural default occurred, that there was legal cause for the default, and that because of it a potential claim was never heard. <u>Belford</u>, 975 F.2d at 314 (citations omitted). Rather the prejudice prong means that there is a "reasonable probability" that if the petitioner had appealed he would have won. <u>Id</u>. Prejudice under <u>Strickland</u> and prejudice in the "cause and prejudice" test, both require Bombacino to address the merits of the claims in his §2255 motion. <u>Id</u>. In this case, Bombacino has not met the prejudice prong of <u>Strickland</u> nor of the "cause and prejudice" test. Therefore, having failed both prongs of the "cause and prejudice" test Bombacino's procedurally defaulted claims cannot be heard by this court.

This court will address the prejudice component first, because it disposes of Bombacino's claim of ineffective assistance of counsel in its entirety. <u>Strickland</u>, 466 U.S. at 697, 104 S. Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). Bombacino makes sweeping allegations in his §2255 petition that though he was represented "throughout his cases by competent counsel," his counsel nonetheless was ineffective in failing to raise on direct appeal the arguments already cited in this opinion. Bombacino concludes that the failure to raise these claims prejudiced him. Bombacino does not address the merits of the claims not raised on direct appeal and Bombacino completely fails to establish that there is any probability that, but for his counsel's alleged ineffectiveness, he would

have received a lesser sentence, or he would not have pled guilty to the charges against him. See United States v. Malave, 22 F.3d 145, 147 (7th Cir. 1994)(rejecting ineffective assistance claim where petitioner failed to allege what an "adequate" investigation by counsel would have shown or how it would have affected his decision to plead guilty).

Specifically, Bombacino accuses his counsel of failing to raise the issues that his base offense level points were double counted in violation of the Guidelines and the double jeopardy clause. Bombacino's counsel did assert that Bombacino was being punished twice for the same offense during his sentencing for the commission of mail fraud while on supervised release for the original wire fraud and extortion case. The court ruled against Bombacino on this issue at that time. Bombacino appealed that decision, but later withdrew his appeal. Presumably, Bombacino now claims that his counsel was deficient for failing to raise this issue again before this court during his sentencing for the racketeering and mail fraud cases of cases numbered 95 CR 443 and 98 CR 112 respectively, and a third time during the direct appeal of those sentences. Again, however, Bombacino does not establish prejudice of this failure. Bombacino does not present a scintilla evidence to indicate that the result of his sentencing or his direct appeal would have been different but not for the alleged deficiencies of his counsel.

Additionally, Bombacino accuses his counsel of failing to raise the due process claims raised objections to the "piecemeal" indictment presented against him either at trial or on direct appeal. Defense counsel did raise some argument regarding the piecemeal method of claims being brought and the possibility of sentence manipulation during sentencing, though he did not couch this argument in due process language. Even assuming, however, that these claims were not raised by counsel, Bombacino's claim must fail because Bombacino does not indicate any probability that he

would have succeed on the merits of this claim on direct appeal. Bombacino does not argue how the indictments brought against hime affected his guilty plea or affected his ultimate sentence. As such, Bombacino has not shown the prejudicial effect of the alleged deficiency of his counsel.

In summary as to all the issues not raised on direct appeal and procedurally default in this §2255 motion, Bombacino has not shown there is a reasonable probability that, but for the deficiency of his counsel, he would have received a lower sentence or not pled guilty to the charges against him. As a result, Bombacino fails both prongs of the cause and prejudice test and none of Bombacino's defaulted claims will be heard by this court.

## CONCLUSION

For all the reasons stated above, petitioner Louis Bombacino's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is DENIED. This case is dismissed in its entirety. All other pending motions are moot.

ENTERED:

JAMES F. HOLDERMAN
United States District Judge

DATE: December 13, 2000